■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GADI NACHUM, Appellant. [932 NYS2d 470]—

Defendant is not entitled to withdraw his plea, or to specific performance of a provision of his plea agreement whereby he could have earned a misdemeanor disposition by making full restitution. The plea was knowing, intelligent and voluntary, and defendant has forfeited the opportunity to have his felony conviction replaced by a misdemeanor conviction (*see People v Jenkins*, 11 NY3d 282 [2008]).

The court stated the core provision of the agreement during the plea allocution. The court unambiguously told defendant that he was required to make restitution of the entire amount he had admittedly stolen, and that he could not replace his felony plea with a misdemeanor plea unless he did so. Defendant argues that the allocution was vague as to the terms of payment. However, it was perfectly clear that paying less than the entire amount would be a breach of the agreement that would forfeit the misdemeanor disposition. It is undisputed that defendant ultimately paid approximately $11,000 less than the full amount.

In any event, between the plea and sentencing, defense counsel, the prosecutor and the court negotiated further details regarding terms of payment, which were placed on the record. Defendant did not move to withdraw his plea or otherwise voice any complaint. The renegotiated clarifications did not constitute the imposition of additional conditions on defendant after he had pleaded guilty (*see Jenkins*, 11 NY3d at 288-289).

The expanded agreement clarified the required amount of restitution by adding the mandatory surcharge. The agreement gave defendant the opportunity to have his felony plea vacated and replaced by a misdemeanor plea if he paid at least $300

every month in restitution during his five-year probation term, made diligent efforts to make larger payments, with the court to review the diligence of his efforts periodically, and completed paying the full restitution amount no later than the end of his probation period. Since payment of only $300 per month would not have paid off the debt in five years, the agreement clearly contemplated some larger payments.

Over the ensuing years, defendant missed numerous monthly payments. In 2003, the restitution obligation was eventually resolved when the victim agreed to accept two final $10,000 payments in satisfaction of the obligation. As a result, the court terminated defendant's probation two years early, and with no further restitution requirement, even though defendant never paid the full amount. Accordingly, both the failure to make the required periodic payments and the ultimate failure to pay the full amount were breaches of the agreed-on terms.

At no point in this case was defendant led to believe that he could pay less than the full amount and still earn the misdemeanor plea. Moreover, at the court appearance where the court finally terminated defendant's probation, the prosecutor mentioned that by not paying the full amount, defendant had lost the opportunity for a misdemeanor plea. Defendant and his counsel remained silent, indicating that this was their understanding as well.

We have considered and rejected defendant's remaining arguments. Concur—Mazzarelli, J.P., Catterson, Moskowitz, Renwick and Abdus-Salaam, JJ.